### Ottaviani License

*Paul R. Selecky*, special deputy, for Pennsylvania Liquor Control Board.

*Moore & Verbalis* and *James Shepherd*, for appellant.

PINOLA, J., October 6, 1953. — The Liquor Control Board asks that the appeal of Marino Ottaviani be dismissed because no hearing was ever held by the board on his application for renewal of the license previously granted to appellant and his wife, Beatrice Ottaviani.

The position taken by the board is correct and the motion must be granted.

Initially a restaurant liquor license was issued for premises known as Marino's Cafe, 19 Kelly Street, Luzerne, to husband and wife. On June 2, 1953, an application signed by the husband alone was sent to the board for the renewal of the license in both names. The board returned the application with instructions that the signature of the wife be affixed thereto.

The husband communicated with the board and asked that the renewal application be accepted as originally submitted. This the board refused to do. Then, on July 29, 1953, an amended renewal application was submitted asking that the license be issued in the name of the husband alone. Again the board orally refused to renew the license.

The wife has never filed any renewal application, nor has she tendered any of the fees in support thereof.

The husband insists that the wife's name was added to the license simply as an accommodation to him when he was expected to join the United States Army during the last year, and that she expressly agreed to retransfer the license to his name alone upon termination of the war or upon his request. He and his wife have been separated for sometime and he avers that she refused to transfer the license to him alone.

Appellant avers, paragraph 13, that: "No hearing has been fixed or conducted by the Pennsylvania Liquor Control Board."

Under section 464 of the Act of April 12, 1951, P. L. 90, 47 PS §4-464:

"The board may of its own motion, and shall upon the written request of any applicant for . . . restaurant liquor license . . . or for renewal or transfer thereof, whose application for such license, renewal or transfer has been refused, fix a time and place for hearing of such application for license or for renewal or transfer thereof . . . Such hearing shall be before the board, a member thereof, or an examiner designated by the board. . . . The board shall thereupon grant or refuse the license, renewal or transfer thereof. . . . Any applicant who has appeared before the board. . . . who is aggrieved by the refusal of the board to issue any such license or to renew or transfer any such license may appeal . . . within twenty days from date of refusal . . . to the court of quarter sessions of the county in which the premises applied for is located."

Whether there is any merit to the contentions of appellant as to ownership of the license and whether he is entitled to a license in his own name, we are not now required to decide.

We are of the opinion and do hold that this appeal is premature since no hearing was held as required by the act of assembly. Jurisdiction could only attach on appeal from the refusal by the board to renew the license, after hearing. There is no provision for an appeal from a mere refusal by the board. If the board does not of its own motion hold a hearing, applicant by written request can require it to do so: In re Appeal of Loggia Nuova Giuseppe Verdi, No. 1483, 46 D. & C. 87.

Therefore, recommending to the board that it, of its own motion, do hold a hearing, we enter the following

### Order

And now, to wit, October 6, 1953, the motion of the Liquor Control Board is granted and the appeal is dismissed; at the cost of appellant.